# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

DYNCORP INTERNATIONAL, LLC   )
                                        )

       Plaintiff,            )
                                          )

v.                                    )   Case No.: 5:18-cv-1166-LCB
                                          )

MD HELICOPTERS, INC.           )
                                          )

       Defendant.         )

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is defendant MD Helicopters, Inc. ("MDHI"), Motion to Transfer Venue Under 28 U.S.C. § 1404(a). (Doc. 15). According to MDHI, the present case should be transferred to the United States District Court for the District of Arizona based on a forum-selection clause contained in its contract with the plaintiff. For the reasons that follow, this Court finds that the motion is due to be DENIED.

## <u>Background</u>

For the purposes of this memorandum, a detailed explanation of the parties' controversy is unnecessary. It is sufficient to explain that the Department of the Army awarded a prime contract to MDHI under which MDHI was to provide logistics and support to the Afghanistan Air Force. In turn, MDHI entered into a

subcontract ("the Subcontract")[1] with DynCorp International ("DI") for supplies and services to be used in connection with MDHI's performance under its contract with the Army.  DI has sued MDHI alleging, among other things, breach of the Subcontract.

As noted, the Subcontract contained a forum-selection clause which provides, in pertinent part:

> BUYER and SELLER[2] agree to timely notify each other of any claim, dispute or cause of action arising from or related to this Subcontract, and to negotiate in good faith to resolve any such claim, dispute or cause of action.  To the extent such negotiations fail, BUYER and SELLER agree that **any lawsuit or cause of action that arises from or is related to this Subcontract may be filed with and litigated only in a court of competent jurisdiction within the state from which this Agreement was issued**.

(Doc. 15-2, p. 24)(Emphasis added).  The Subcontract does not specifically identify Arizona or Alabama as the state in which any disputes must be resolved. Rather, the clause provides that the forum court will be "within the state from which [the Subcontract] was issued." *Id.*  In its motion to transfer, MDHI argues that the Subcontract was "issued" from its corporate headquarters in Arizona. Therefore, MDHI says, the forum-selection clause dictates that this action be brought in the United States District Court for the District of Arizona.

---

[1] A copy of the Subcontract was attached as Exhibit B to MDHI's motion to transfer.  (Doc. 15-2).

[2] In a prior section of the Subcontract, the term "BUYER" was defined as "MD Helicopters, Inc., or the legal entity issuing this Subcontract …." (Doc. 15-2, p. 13). "SELLER" is defined in the same section as "DynCorp International LLC or the legal entity that contracted with BUYER under this Subcontract." *Id.*

DI argues that the Subcontract was "issued" in Alabama. In support of that contention, DI states, among other things, that DI's work on the Subcontract was managed from Alabama, that the Subcontract was negotiated by the parties in Alabama, and that the Subcontract was signed by DI in Alabama before being emailed back to MDHI's headquarters in Arizona. Additionally, DI notes that the U.S. Army Contracting Command, who issued the prime contract to MDHI, is based in Alabama. DI also argues that the forum-selection clause is ambiguous.

The Subcontract contains two other provisions that inform this Court's decision. First, the Subcontract contains a provision entitled "No Interpretation Against Drafter," which provides:

> This Subcontract is the product of negotiations between the Parties and their respective counsel. Any rules of construction relating to interpretation against the drafter of an agreement shall not apply to this Subcontract and are expressly waived by Parties.

(Doc. 15-2, p. 29). It is undisputed that MDHI drafted the Subcontract. Second, the Subcontract contains a choice-of-law provision, which provides: "[t]his Subcontract and all matters arising from or related to it shall be governed by and construed in accordance with the laws of the State of New York, excluding its choice of law rules…." (Doc. 15-2, p. 19).

## Discussion

In its initial motion, MDHI appears to be operating under the premise that the forum-selection clause specifically and unambiguously identified the United

States District Court for the District of Arizona as the proper court in which to bring a cause of action arising out of a dispute regarding the Subcontract. MDHI cites several cases for the proposition that forum-selection clauses should generally be enforced. *See* (doc. 15), *citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)(forum selection clauses are enforceable in the absence of extraordinary circumstances); *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 808 (11th Cir, 2003)(forum-selection clauses are enforceable where the parties are experienced professionals who negotiate freely and fairly); and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589, 592 (1991)(enforcing forum-selection clause would not be so unreasonable or inconvenient so as to deprive a party of their day in court).

However, in each of the above-cited cases, the forum-selection clause was clear and unambiguous. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 2("'Any dispute arising must be treated before the London Court of Justice.'"); *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d at 806-7(suits between the parties "shall be brought exclusively in a state or federal court situated within the state of California."); and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. at 587-88(all suits shall be litigated "'before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country.'").

As noted, the forum-selection clause in the present case does not identify any particular state or court. Rather, it dictates that any disputes arising out of the Subcontract are to be resolved "in a court of competent jurisdiction within the state from which this Agreement was issued." (Doc. 15-2, p. 24). In its response, DI argued, among other things, that this clause is ambiguous because, it says, it is susceptible to more than one reasonable interpretation. (Doc. 19), *citing City of N.Y. v. Pullman, Inc.*, 477 F. Supp. 438, 443 (S.D.N.Y. 1979)("[W]here, as here the [forum-selection clause] language is susceptible of both meanings, each equally plausible, it may be said to be ambiguous."). Therefore, DI says, its choice of forum should be upheld.

DI also points out that the Subcontract does not define the word "issue" or "from which the Agreement was issued." MDHI attempts to circumvent this deficiency by noting that the Subcontract does define the term "BUYER" as "MD Helicopters, Inc., or the legal entity issuing this Subcontract or any Modifications under this Subcontract." (Doc. 15-2, p. 13). MDHI argues that this definition designates them as the issuing party and, because their corporate headquarters are in Arizona, the Subcontract was issued from Arizona. However, this Court does not read that definition so broadly. DI does not dispute that MDHI is the party who issued the Subcontract. However, the Subcontract says nothing about what it means to "issue" the Subcontract nor does it provide where the agreement was

issued from.  The issuing party could "issue" the Subcontract from many locations. While the Subcontract could certainly issue from the issuing party's corporate headquarters in Arizona - as MDHI argues - it could also issue from the state where the agreement was negotiated and signed, i.e., Alabama.  MDHI failed to identify any provision of the Subcontract or other legal authority for its proposition that a contract issues from the state in which the issuing party is headquartered. Accordingly, this Court finds the forum-selection clause to be ambiguous.

Either party in this case could have identified a specific state or court in the forum-selection clause the same way they did in specifying New York in the choice-of-law clause.   Ordinarily, ambiguities in contracts are construed against the drafting party – in this case, MDHI.  However, the parties in the present case also agreed to a clause that essentially invalidates that rule of construction.  (Doc. 15-2, p. 29)("Any rules of construction relating to interpretation against the drafter of an agreement shall not apply to this Subcontract and are expressly waived by Parties.")  At the hearing on this motion, counsel for DI asserted that that particular provision was unlawful.   This Court also questions the validity of a clause that purports to alter the rules of construction in this manner.  However, that issue need not be decided.  Even assuming that the clause is valid, MDHI cannot prevail.

If the forum-selection clause cannot be construed against the drafter, then it certainly cannot be construed against the non-drafting party.   That leaves an

ambiguous clause that the Court cannot construe in favor of or against anyone. The only rational course to take is to disregard the forum-selection clause in its entirety. Doing so leads to the conclusion that DI's choice of the Northern District of Alabama as the forum in which they filed the suit is where the case should be heard. In *Wilson v. Island Seas Investments, Ltd.,* 590 F.3d 1264, 1269 (11th Cir. 2009), the Eleventh Circuit held that "[a] plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a plaintiff's choice of forum ..." State courts in New York would reach the same conclusion. *See Anagnostou v. Stifel*, 204 A.D.2d 61, 61, 611 N.Y.S.2d 525, 525 (1994) *citing Waterways Ltd. v. Barclays Bank PLC*, 174 A.D.2d 324, 327, 571 N.Y.S.2d 208, *quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055) ("Generally, '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'").

We note that MDHI offered no grounds aside from the forum-selection clause for transferring the case to Arizona. Additionally, MDHI does not argue that the Northern District of Alabama is otherwise improper. Because this Court finds that the forum-selection clause is meaningless, there are no other grounds on which MDHI could possibly prevail. Accordingly, DI's choice of the Northern District of Alabama as the forum in which to bring this law suit will be given deference.

For the foregoing reasons, MDHI's motion to transfer is **DENIED**.

**DONE** and **ORDERED** January 18, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE